DOUCET, Judge.
David Morein, plaintiff-appellant, instituted this action to recover disability benefits under a non-contributory Long-term Disability Insurance Plan provided by the plaintiff’s employer, Reading and Bates Drilling Co., Inc., and governed by the Employment Retirement Security Act (ERI-SA), 29 U.S.C. § 1001 et seq. and after his application for benefits thereunder had been denied by the Plan Administrator. The lower court upheld the Plan Adminis *390 trator’s denial of benefits and from that judgment, the plaintiff perfected this appeal.
Plaintiff began his employment with the defendant in January of 1980. As an employee of Reading and Bates, Mr. Morein was covered by their Long-term Disability Insurance Plan. On February 13, 1981, Mr. Morein sustained an injury to his lower back while attempting to unload some casing off of a supply boat in rough seas. After this accident, the plaintiff was examined by Dr. L. Leyser at Abbeville General Hospital on February 14, 1981 for complaints concerning his back injury. Dr. Leyser recommended rest and diagnosed the plaintiffs injury as a backstrain. Plaintiff was next examined by Dr. A.K. Perron in Lafayette on February 20, 1981. After a full orthopedic examination, Dr. Perron also diagnosed Mr. Morein’s injury as a back strain and recommended rest without work. On February 27, 1981, Dr. Perron again examined Mr. Morein’s back and found that the back sprain was resolved and recommended a return to work. Instead of immediately returning to work, Mr. Morein took time off to enjoy Mardi Gras and then returned to work on March 11, 1981, whereupon he was fired.
Mr. Morein then consulted Dr. A.J. Tas-sin on April 1, 1981, about pain in his back. As a general practitioner, Dr. Tassin had no expertise for this type of complaint so he referred the plaintiff to Dr. Lovis Blan-da, who is an orthopedic specialist in Lafayette. Dr. Blanda first examined Mr. Mor-ein on April 27,1981 and after the examination, concluded that plaintiff had a lumbar strain and recommended that plaintiff engage in only light work. After conducting various tests during the course of that summer, Dr. Blanda released plaintiff to return to work on August 5, 1981. Dr. Blanda was of the opinion that plaintiff’s lumbar strain syndrome had been resolved. Plaintiff then returned to work for Inland Well Service as a roughneck where he had secured employment after being fired at Reading and Bates. Plaintiff’s supervisor, Mr. Winston Guillory, testified that plaintiff was able to fully engage in the customary duties of a roughneck during this period.
At the suggestion of Dr. Tassin, plaintiff later submitted to examination by orthopedic specialist, Dr. A. Frazier Gaar, on October 13, 1981. After a complete neurological and clinical examination, Dr. Gaar found no objective evidence of a disc injury at that time and was of the opinion that plaintiff could perform his normal work.
Plaintiff continued to work for Inland Well Services as a roughneck until he was terminated on November 9, 1981. Plaintiff returned to Dr. Blanda on November 18, 1981, with sciatic leg pain, Dr. Blanda was of the impression that this was indicative of nerve root irritation or compression. Dr. Blanda subsequently performed a mye-logram and diagnosed a ruptured disc on or about December 2, 1981. Dr. Blanda continued treating plaintiff and subsequently performed surgery in order to remove the L-5/S-1 disc on May 5, 1982.
However, on December 10, 1981, plaintiff’s attorney sent a certified letter, on plaintiff’s behalf, that informed Reading and Bates of Mr. Morein’s condition and requested benefits pursuant to the Long-term Disability Insurance Plan. No response to this letter, and plaintiff’s attorney subsequently sent another letter to Reading and Bates on January 14, 1982, requesting the benefits allegedly owed to Mr. Morein, pursuant to the plan. On February 12,1982, Reading and Bates responded to these requests for benefits under the Long-term Disability policy. The letter stated that benefits in this case were being denied because coverage under the plan ceases upon an employee’s termination of employment with Reading and Bates.
Plaintiff filed suit on March 1, 1982, seeking benefits under the plan. At the trial, the deposition of Mr. Robert Parsons, who is the Benefit Manager at Reading and Bates, was introduced and admitted. In his testimony, Mr. Parsons defended his decision of denying the benefits requested under the plan. The two stated reasons for the denial were that plaintiff was not a *391 covered employee because of his termination subsequent to his release for work and that plaintiff did not qualify either in the character or the duration of his disability. After the trial, the lower court rendered a judgment in the defendant’s favor and refused to overturn the Plan Administrator’s decision to deny plaintiff’s request for Long-term Disability Benefits under the Plan. In its written reasons for judgment, the trial court held that plaintiff failed to sustain his burden of proving that he is entitled to benefits. The trial court specifically held that Mr. Morein was not covered by the Plan during his disability, and that he had not met the six-month disability qualifying period. Thus, the trial court held that the Plan Administrator’s denial was supported by the evidence and therefore, was not arbitrary or capricious. From this judgment, the plaintiff appeals.
The applicable law in this case is the Employment Retirement Security Act, 29 U.S.C. § 1001, et seq. Recognizing the increasing growth, scope and complexity of private employee benefit plans throughout the United States and the inadequacy of the existing standards governing these plans, Congress determined that it was necessary to enact a comprehensive legislative scheme to remedy the problems and afford security, stability and uniformity in the area. To provide for financial soundness and fair and equitable administration of such plans, ERISA was enacted in 1974. 29 U.S.C. § 1001(c) (1982). Therefore, we are constrained in this case to apply the relevant Federal interpretation of the ERI-SA statutory scheme.
Our principal inquiry in this case is whether the Plan Administrator, Mr. Robert Parsons, was arbitrary or capricious in denying plaintiff’s claim for benefits under the plan. According to the clear weight of Federal authority, the determinations of eligibility are to be upheld unless the denial is arbitrary or capricious. Bayles v. Central States, Southeast, etc., 602 F.2d 97 (5th Cir.1979). Although the appellant has listed several assignments of error concerning the lower court’s holding which upheld the denial of benefits, these specifications can be reduced to the central issue of whether the lower court was manifestly erroneous in sustaining the Plan Administrator’s denial of benefits and whether this denial was arbitrary or capricious. After a careful review of the record, we conclude that the trial court was not in error in upholding the denial of benefits under the plan. The record clearly demonstrates that Mr. Parsons had two sound reasons for determining Mr. Morein to be ineligible for benefits under the plan; Mr. Morein was no longer an employee of the defendant during his disability and that Mr. Morein was not disabled for six months as the Plan requires before becoming eligible for benefits. Accordingly, we affirm the trial court’s judgment.
The appellant makes a vigorous argument that the letter informing Mr. Morein’s attorney that no benefits would be forthcoming violates the dictates of the statutory scheme. 29 U.S.C. § 1133 provides that notice of a denial must be in writing and set forth specific reasons for the denial in understandable language. Although this issue was not addressed in the lower court, we will address this issue because of the abusive concern of the Federal Courts in encouraging adequate notification of a denial of benefits. La.C.C.P. 2164.
The Federal Court’s often admonish the lower courts to more strictly enforce the notice provisions of the ERISA scheme. The prevailing jurisprudence however, dictates that a remand is not justified for inadequate notice unless fairness requires that the trustees’ decision should be overturned. Every Procedural defect will not upset a trustee’s decision. Wolfe v. J.C. Penney Co., Inc., 710 F.2d 388 (5th Cir.1983). In this case, the denial letter was marginal at best in complying with the notice requirements of 29 U.S.C. § 1133. Nonetheless, a remand of this case will not disclose any new evidence favorable to the plaintiff’s position. Therefore, no remand is warranted in this case.
*392 For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
AFFIRMED.